Please be seated, ladies and gentlemen. The first argument for today is Ralph Oliver and Ryan Ross against the United States, numbers 172880 and 172902. Ms. Johnson, will you be seated? May it please the Court, my name is Tassidy Johnson and I represent the petitioner Ryan Ross. I am arguing on behalf of both Mr. Ross and Mr. Oliver in this consolidated appeal. Both Mr. Ross and Mr. Oliver are serving out sentences for a crime that does not exist. They each pledge their charges under the residual clause of 18 U.S.C. 924C, which the Supreme The government concedes the unlawfulness of their sentences as it must. Accordingly, habeas relief from Mr. Ross and Mr. Oliver should be granted. The government, however, has argued that habeas relief here is barred for two reasons. First, collateral attack waivers in Mr. Ross's and Mr. Oliver's plea agreements, and second, procedural default. I'd like to begin with the plea agreement waiver issue and then turn to the issue of procedural default. So on the plea agreement waiver issue, the Supreme Court's recent decision in class controls, and in class, the Court held that pleas do not lay constitutional challenges to the government's power to charge and prosecute an offense. The government concedes, I'm sorry? In class, there were some explicit waivers, correct? In class, I believe, I'm sorry, Your Honor? There were some explicit waivers of appeal rights, correct? Your Honor? Which did not apply to the kind of claim that was brought there, correct? Your Honor, I believe that in class there was a carve-out for constitutional challenges, but the decision there was not as narrowly drawn as that. The decision there made very clear that a plea in and of itself couldn't waive a challenge of the nature that class was pursuing. Well, that's, so I'm looking at the portion of the opinion that appears, I think, at page 802 of the Supreme Court reporter, noting that there were several categories of rights that he was expressly waiving, including certain sentencing rights, most collateral attacks on the conviction and sentence, and so on, but the Court went out of its way to say the agreement said nothing about the right to raise on direct appeal a claim that the statute of conviction was unconstitutional, right? Yes, Your Honor. So, in other words, the express waivers did not apply. Yes, Your Honor. Yes, that's correct. So, is it your theory that the rest of the opinion then went on to, in essence, imply that no express waivers could apply to such a defense? Yes, Your Honor. Based on the precedent that the Court drew from, in which many courts have recognized that the Supreme Court itself has recognized in this prior precedent that challenges of the nature pursued by Mr. Class there and also pursued by Mr. Ross and Mr. Oliver here just can't be waived because they are challenges that go to the fundamental power of the government to charge and prosecute at all. Don't you think, if that reading of Class is correct, Ms. Johnson, don't you think the Supreme Court would have drafted its opinion in broader terms? As Judge Hamilton is, you know, recognizing there were certain claims that were waived in that agreement, there were certain claims that were not waived. Right near the end of the opinion, the Supreme Court comes back to that. Right before the dissent begins, the Court says it, referring to the plea agreement, it does not express the claim that the Supreme Court would actually refer to a waiver of the appeal right at issue, the appeal right here at issue. So, I just, I have a difficult time reading Class as saying, notwithstanding any waiver, no matter how it is written, a, you know, a defendant can challenge the constitutionality of a statute of conviction. It just seems contrary to the way the opinion is drafted. Yes, Your Honor. The opinion, our understanding and our reading of the opinion is that it is broad enough to encompass this type of exception to the waivers themselves, and our argument here also draws from this Court's precedent on recognizing a jurisdictional exception to waivers of this type in which, essentially, challenges that go to the fundamental power of the government to charge and prosecute at all simply can't be waived. I don't understand the difference between a jurisdictional argument that you're calling and simply an argument that the statute doesn't apply to my conduct. Yes, Your Honor. The usage of jurisdiction in that context refers to the power of the government to hail someone into court. So, the usage of jurisdiction is a little bit of a red herring, but more broadly, the government, again, here, agrees that Class applies, and to the extent that the plea agreement is a contract between Mr. Ross and Mr. Oliver, the other party to the contract doesn't contest that the waiver doesn't reach this type of challenge. The government's arguments for why the waivers bar habeas relief don't turn on the Class issue. What do you mean by the don't turn on the Class issue? So, the government has argued that the waivers bar review for two reasons. It first cites a number of cases in which it says that courts rejected challenges of this nature, but those cases are actually an opposite, and those cases involve challenges that were brought to, they were either statutory challenges rather than constitutional challenges, or they were challenges in which the underlying charge was still valid under 926C's elements provision, which has not been invalidated by any court decision. So, those cases just didn't concern challenges of this nature and thus didn't approach this question. I'm sorry? What about the Worthen case? Yes. So, Worthen involved the statutory challenge to whether the Hobbs Act could ever be a crime of violence. It wasn't targeted to whether a Hobbs Act offense qualified as a crime of violence under the residual clause, which has been invalidated. It was a much broader challenge than that. It is. I thought it was just an ordinary, the ordinary kind of debate we've had in terms of federal statutes about whether you could rely on the residual clause or the elements clause. But I believe that the challenge there was not, the challenge there was not that the Mr. Worthen's sentence was invalid because it was based on the unconstitutional provision of 926C. It was more broadly what qualified as a matter of statutory interpretation as a crime of violence. So, I'm having trouble understanding what you think is the difference between the waiver that we enforced in Worthen and the waivers here. The argument isn't that there's a distinction between the waivers. The argument is that there's a distinction between the nature of the claims at issue in Worthen and the claims at issue here. The claims at issue here turn purely on whether Mr. Ross and Mr. Oliver can be held in prison under sentences that were under, based on convictions that the court has held are unconstitutional. That's the challenge. In Worthen, the challenge was just not that. It was a statutory challenge. So, are you asking us to hold then that in a plea agreement, no matter the language, no matter how clear it is, a defendant cannot waive a constitutional challenge to the statute of conviction? Yes, Your Honor, and we believe that that holding would follow from class. Has any other court that you know of held that? Well, Your Honor, I discovered in my preparing for argument yesterday that this court had rather than held it, recognized. I can give you the site now. It's U.S. v. Rogers 781 Fed Appendix 559. It was issued on October 23, 2019. The decision was considering a motion to withdraw by counsel, but there the court acknowledged that an affirmative guilty plea that the petitioner had entered into did not foreclose constitutional challenges to the statutes themselves under which that sentence was effected. Well, that's class. Yes, that's class. Okay, but that's not waiver. That's not express waivers of appellate or collateral. Well, in that case... I need to ask you, I need to bring this back at least a little bit to reality here. Yeah, sure. Was there any legal obstacle, as you see it, to the government having charged this as a Hobbs Act robbery with a 924C attached to it? Your Honor, we do believe that there was a legal obstacle, but the government chose not to charge. Okay, what effect would that have had on the sentences that Ross and Oliver were facing for the robbery with the shootout at the firearms dealer in the pawn shop? Your Honor, I'm not certain myself because I don't know exactly... I'll ask Mr. Whalen. Yes, yes. Thank you. But again, on the waiver issue, we believe that class controls this issue. The government concedes that, and its arguments against that don't go to that fundamental issue of whether class controls here. So, I'm concerned here in essence. We've got here a kind of problem that can arise fairly often with uncertain changing laws. Back when Mr. Ross and Mr. Oliver pleaded guilty in this case, it's not as though these issues were unknown, right? Well, Your Honor, actually the line of cases in which the court invalidated various residual clauses were actually issued years after Mr. Ross's. The Supreme Court's final decisions on those issues. But back in 2010 and 2011, the issues were certainly on the table, correct? Your Honor, I don't believe so. At the time Mr. Ross and Mr. Oliver were, they were... Justice Scalia had been publishing dissents on the vagueness of the residual clause for years and had been gaining votes. The issues were percolating. Your Honor, the government, though, still chose to pursue these residual clause charges here in 2011. And get an appellate and collateral challenge waiver. All right. Was there any discussion of the Illinois robberies these defendants committed in either of their plea or sentencing hearings? Your Honor, the government made some reference to it, but the government made reference to it only to note that it had chosen not to bring charges for those Illinois robberies. With apologies, I would like to reserve a little bit of time. We've taken up some of your time. I'll give you a little bit of time for rebuttal. Is there anything else you wish to tell us now? Were there any further questions on that? No. Thank you. Thank you, Mr. Whelan, for the government. May it please the Court. Good morning, Your Honors. Nathaniel Whelan here on behalf of the United States of America. Five times a defendant has appealed an argument that their qualifying conviction doesn't qualify as a crime of violence despite pleading to a 924C or an Armed Career Criminal Act count or sentence. So five times the defendants have pled guilty and come to this court and said, no, no, no, my predicate crime of violence is not actually a crime of violence anymore. And five times this court has enforced the appellate waiver. That's Wheeler, Carson, Worthen, Mitchell, and Davila. And we reference them in our briefs. We reference them in our supplemental position statement. And what this court has said is, listen, you waived your right to appeal. We're not going to go back and look at the merits of whether your qualifying crime of violence is actually classified better under the elements clause or the residual clause. Defendants argue really that their case is different because it's the government's power to bring them to court, to hail them into court on this 924C charge. I think this court in Wheeler addressed that issue the best when it was distinguishing class from the Wheeler case. What this court said is, listen, 924C remains constitutional. I think defendants concede that point. There is no constitutional problem with the government charging the underlying crime of violence under the elements clause. In that case, it was Hobbs Act robbery. In this case, it's theft from a federally licensed firearm dealer. It wouldn't be unconstitutional for us to charge that under the elements clause. We might lose a Rule 12 motion as a matter of statutory interpretation the crime might not fit, but there's nothing unconstitutional about it. And that's the difference between the cases defendants rely upon and the argument they're making now. And can't you also – wouldn't you also say there's both nothing unconstitutional about it and nothing that if you did bring the charge that would suggest the district court lacked subject matter jurisdiction to proceed? That's correct, Your Honor. The district court had subject matter under 18 U.S.C. 3231. That's our holding in Davila. That's the holding in Davila amongst other cases for this court. We pled a 924C count and might ultimately lose on the merits, but this court has said we won't reach the merits. And that's the difference between the argument – again, the cases defendants are relying upon like class or the Supreme Court's cases about double jeopardy, prosecutorial vindictiveness. In all those cases, the defendants have admitted every allegation in the indictment and said there's some constitutional problem with bringing this charge. Here the defendants are actually disputing an allegation in the indictment that their crime, underlying crime, is a crime of violence. That's a big difference between what's going on in those cases and this case, and that's why this court hasn't reached the merits. Mr. Whalen, what does the record show here regarding the scope of bargaining over these waivers for the appeal and collateral challenges? Your Honor, the defendants got very generous concessions as a result of the bargaining. I think that's Your Honor's question. Well, my question is the extent to which there are – I mean, I can read the bargains from the facts and it looks like a pretty good deal. They both look like pretty good deals. But at least in modern American criminal justice, but for example, if we had to get into the Bowsley kind of analysis about what was explicitly bargained for, what charges were foregone in the bargaining process, what does the record tell us about that? Your Honor, what the record shows, it's sentencing of Mr. Ross, Mr. Oliver, and we also looked at Mr. Cooper's sentencing because he challenged it in the district court. The government made numerous statements that it easily could have brought 924Cs based on Hobbs Act robberies. In the Illinois robberies? Well, the Illinois robberies – Referring to the Indiana. Well, both. Yeah. The Jacks robbery, in their change of pleas, each defendant admitted every element of a Hobbs Act robbery for the Jacks pawn shop robbery. They admitted they stole by – Isn't that the place in Gary? That is the place in Gary. I apologize, Your Honor. Okay. The one in Indiana, during their change of plea, they necessarily admitted every element of a Hobbs Act robbery. And that's why they're not actually innocent of 924C because they've used a firearm or brandished a firearm, actually, in furtherance of a crime of violence. In terms of the Illinois robberies, the prosecutor makes numerous statements at, I believe, all three sentencings about how lucky the defendants are that they weren't charged with 924Cs based on these Hobbs Act robberies in Illinois. If they had been, what would the sentencing prospects have looked like? Do you know? I think it's somewhere like 81 months – or, I'm sorry, 81 years mandatory minimum. With the stacked consecutive 924Cs. Right. This is before the First Step Act, and so it would have been four – I can try to do it quickly in my head. It would have been four consecutive 924Cs. Seven plus 25, 25, 25. I think that's right, Your Honor. So 82. And if you had just charged the Indiana robbery as a Hobbs Act robbery with a 924C charge, what would that have looked like for sentencing prospects? Well, it would have changed the Indiana robbery as a 924C with a Hobbs Act. Yes. So are you saying the substantive Hobbs Act as well, or just – Yes. Looking at Mr. Oliver's PSR – That's possible, right? Pardon? You can do Hobbs Act plus 924C, right? Oh, that's correct, Your Honor. So, okay. In terms of the guidelines, I think the guidelines – if Mr. Oliver's PSR is right, which I have no reason to dispute, it looks like theft from the base offense level 32. I mean statutory. Oh, statutory. The defendants would have been worse off had we charged the Hobbs Act. Mr. Ross – the conviction Mr. Ross wants to stand is the 922U, which is a 10-year max. Hobbs Act is a 20-year max. And, Your Honors, in terms of the way the statutory minimums and maximums played out and the agreements the government gave in this case, we also did cap Mr. Ross's sentence to 20 years with a binding agreement to the district court. He was a career offender, and so he was actually guidelining above that before the three levels of acceptance responsibility that we also gave him. By just taking the plea to the 922U? Well, he took the plea to the 922U and the 924 based on the 922U. So, in terms of the guidelines, because he was a career offender, he was looking at 262 to 327. But we entered into a binding 11C1C agreement with Mr. Ross where he was capped at 20 years. We then filed a 5K. We gave him three levels for acceptance of responsibility, and we recommended 15 years to the district court, which is what it ultimately gave. Can I ask you to go back to the class case for a moment? Yes, Your Honor. The defendants made a point in their reply brief concerning an exchange in the oral argument in class. I don't know if you've had a chance to track that down. I'm aware of the argument. Okay. Do you want to where Justice Sotomayor was criticizing the government for trying to enforce waivers in such cases? Yes. And Mr. Feigin says, I'm not aware of courts enforcing waivers, for example, collateral relief waivers in circumstances where this court has held a statute to be unconstitutional. And could you comment on that exchange? Your Honor, 924C isn't unconstitutional, and I will say that we have debated the waiver in this case pretty extensively. We've argued a bunch of Johnson cases in front of this court, including Judge Hamilton. You've been a part of a bunch of these where we've waived the waiver. We didn't take this decision to waive the waiver lightly. We've ran it up the flagpole, a bunch of different flagpoles, before deciding to assert the appeal waiver. And there are two large considerations in asserting the appeal waiver in this case. The first is that, as we were just discussing, Mr. Ross and Mr. Oliver obtained a substantial benefit in this case, and we're just asking that they stick to the agreement that they signed, which is we will not appeal this issue. The second large factor in us asserting the appellate waiver in this case is they are not actually or factually innocent of 924C. In their change of plea colloquies under oath, they had said that we committed 924C, where the underlying crime is a crime of violence, namely the Hobbs Act robbery. And I think Judge Hamilton, you hit the point right on the head, the nail right on the head, that there is a practical reality to what's going on here. The defendants haven't sought to withdraw from their plea agreements because they know the benefits they got. And so here we are, nine and a half years later, dealing with this case where there's the issue of spoiled evidence, potentially, and where we are getting very little benefit to our bargain at this point. Let's suppose this controversy had arisen either on direct appeal or on a timely original 2255. I would think the ordinary response would be, well, statute of limitations hasn't run on these offenses. We'll just blow up. If you want to blow up the whole deal, we'll blow up the whole deal and we'll go to trial on all four of these robberies. With the time passage here, I assume that's not a very practical response. That is not a practical response at this point, Your Honor. And I think the AUSA's statements at sentencing, he wasn't clairvoyant, but he was actually very good at creating a record for this particular issue nine years later, where he does make clear that we had other 924Cs, excuse the pun, locked and loaded that we could have charged based on the Hobbs Act robberies, and we chose not to. And I feel extremely confident that had this court dealt with this issue in 2010 or 2011, and the defendants had said our 924C conviction is unconstitutional, we would have done what you said, Judge Hamilton, which is say, okay, let's go back and let's charge the 924C on the Hobbs Act as it relates to the Gary case. And we'll also charge it for the three Illinois robberies as well. It's, you know, we obviously couldn't control that charging decision because it was in Illinois, but I think given we had two defendants who admitted in the grand jury that they committed all these robberies in Illinois, and we had Mr. Ross who admitted before he got in the grand jury, before he had any immunity letter that he committed these robberies, we could have been able to persuade the Illinois office to take the case. And I think it would have been a very strong case. So unless this court has any further questions, we would ask that you dismiss pursuant to the appeal waiver as this court has done five other times, or alternatively affirm based on the procedural default. Thank you. Okay. Thank you, Mr. Whalen. Ms. Johnson, your time, we used it up, but take two minutes for a rebuttal if you need it. So first, just a few points on the class issue. So the government didn't charge Mr. Ross and Mr. Oliver under the elements charge, um, under the elements count of nine 24 C. So those pieces, the turn on that just don't apply here. Does the government have to make that explicit in the charges? Your honor, the government couldn't have charged them with, um, the government couldn't have brought an elements nine 24 C charge for the nine 22 U offenses because the nine, but they could have under the Hobbs act. Mr. Ross wasn't charged with any Hobbs act robbery, a violation. So do you disagree with Mr. Whalen's comments that the plaintiff, that the defendants admitted the elements of a Hobbs act robbery with respect to the Jack's pawn shop robbery? Your honor. Yes. But the government didn't charge them with, um, didn't charge them with nine 24 seats for Hobbs act. And if the, really the fundamental challenge that, um, the fundamental argument that Mr. Ross and Mr. Oliver are making is that if the government were charging them today, it could not charge them with nine 24 C's for their nine 22 U connections. They could not be held in prison today for, um, nine 24 C residual clause, uh, charges on that conviction. Um, they admit to the nine 24 C conduct. So this case is exactly like class. There is no dispute, um, that the, that a gun was brandished during the robbery. No one is disputing that. The only argument here is that they couldn't have been charged under nine 24 C, um, for nine 22 youth act. Um, and there's no evidence here that the government didn't charge a nine 24 C, um, for the Hobbs act robbery in exchange for anything, specifically. Um, and lastly, the government talks about these sort of the benefit that was given to Mr. Ross and Mr. Oliver in the plea. But right now, Mr. Ross and Mr. Oliver are serving out sentences for charges. The government couldn't actually bring against them constitutionally. That's a windfall to the government. The remedy that we're asking for here is not, uh, just vacate or, and releasing them. The remedy that we're asking for here and it's a remedy of the government agrees as appropriate is that this court vacate the nine 24 C counts remand and remand the case and remand the case for resentencing. Why wouldn't the ordinary remedy though be to vacate the entire plea agreement and send the parties back to, uh, allow the kinds of additional prosecutions that Mr. Whalen mentioned? Well, your honor, this court, um, adopted the remedy that we're proposing. Both sides are proposing would be the appropriate remedy here in Jackson and response to a residual clause challenge. Um, or in response to the invalidation of a conviction under the residual clauses on constitutionality. Um, so we believe that based on Jackson, this suppose, take the hypothetical though, Ms. Johnson for, uh, suppose this is coming up. Statutes of limitations have not run. Witnesses have not disappeared, et cetera. Um, uh, defendant breaches the terms of the plea agreement by trying to bring a collateral challenge. Why isn't the appropriate remedy simply to vacate, um, the plea agreement, all the convictions and start over? Your honor. Um, we don't believe that a breach of the plea agreement is what anyone is asking for here. You're not? No, your honor. What we believe class establishes is that these, uh, constitutional challenges of this nature just fall outside of the scope of collateral attack waivers. Okay. I think we have your position. Thank you very much. Thank you. Thanks to both counsel and, uh, the case will be taken under advisement.